UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY L. HIGGINS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THRIVE COMMUNITIES, INC., *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. C23-202-RSM<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

THIS MATTER comes before the Court on *pro se* Wendy L. Higgins's Motion to Appoint Counsel. Dkt. #7. Plaintiff, proceeding in forma pauperis, brings suit against Thrive Communities, Inc., Chelsea at Juanita Villa LP, Grosvenor Capco Limited, Grosvenor Residential GP Limited LLC, and Grosvenor USA Limited alleging, inter alia, that Defendants mismanaged the property where she resides resulting in purported violations of state and federal law.  Summons have been issued.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right."  *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted).  "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)).  A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se*

ORDER - 1

in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

This is not Ms. Higgins's first action against these defendants. In February 2016, Ms. Higgins sued defendants Thrive Communities, Inc. and Chelsea at Juanita Villa LP for unlawful discrimination on the basis of her disability. *See Higgins v. Thrive Communities Inc et al.*, No. 2:16-cv-00166-BJR. There, the Court granted Ms. Higgins's motion to appoint counsel finding that her case was not frivolous and that Ms. Higgins was financially eligible for the appointment of counsel. *Id.*, Dkt. #9. Even in the complaint Ms. Higgins initially filed *pro se*, she clearly identified a specific disability discrimination issue. *See Id.*, Dkt. #3. The parties settled in that action and stipulated that "all claims and defenses asserted by all parties in [the] lawsuit should be dismissed with prejudice and without costs." *Id.*, Dkt. #44. The Court dismissed the case and adopted the parties' stipulated terms. *Id.*, Dkt. #45.

Ms. Higgins now alleges property mismanagement by Defendants citing actions and inaction beginning in January 2022, *i.e.* purported claims outside the window covered by her previous settlement with defendants Thrive Communities, Inc. and Chelsea at Juanita Villa LP. However, unlike the complaint she filed in the previous action, Ms. Higgins's complaint here is a rambling, narrative style list of allegations and it is unclear how these allegations give this court jurisdiction over Ms. Higgins's case. It is a fundamental principle of jurisprudence that federal courts are courts of limited jurisdiction. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited

ORDER - 2

jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 377 (1994) (citations omitted).

Federal statute provides for a cause of action based on state law where the parties are citizens of different states.  28 U.S.C. § 1331.  However, this section cannot apply here as the parties are not completely diverse. Plaintiff and Defendants Thrive Communities, Inc. and Chelsea at Juanita Villa LP are all citizens of the State of Washington.

In the absence of complete diversity of the parties, the basis of jurisdiction must rest on a question of federal law.  The complaint must establish either that a federal statute creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983).  It is entirely unclear from Ms. Higgins's complaint how any of the defendants have violated federal law here.  Ms. Higgins makes several conclusory statements that Defendants have "fail[ed] to comply with HUD, PHA, KCHA requirements" or "ignore federal, state regulations," but provides no specific federal law violations except for claiming Defendants violated federal law when a Thrive Communities, Inc. picked up and moved her mail—while mail fraud is a federal crime, the Court is not convinced Thrive Communities, Inc. has committed mail fraud as pled in Ms. Higgins's complaint.

Here, Ms. Higgins has failed to set forth exceptional circumstances warranting the appointment of counsel in her case.  The Court also finds that her claims do not have a strong likelihood of success on the merits.  Given all the above, the Court will deny this Motion.

Having Plaintiff's Motion and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiff's Motion to Appoint Counsel, Dkt. #7, is DENIED.

ORDER - 3

DATED this 6th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4